# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Tony J. Walker,**
**Petitioner Below, Petitioner**

**vs.)  No. 18-0713** (Kanawha County 13-P-405)

**Michael Martin, Superintendent,**
**Huttonsville Correctional Center,**
**Respondent Below, Respondent**

**FILED**

**September 4, 2020**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Tony J. Walker, by counsel Charles R. Hamilton, appeals the order of the Circuit Court of Kanawha County, entered on July 11, 2018, denying his amended petition for a writ of habeas corpus. Respondent J.T. Binion, superintendent of the Huttonsville Correctional Center, appears by counsel Patrick Morrisey and Mary Beth Niday.

This Court has considered the parties' briefs, the record presented upon appeal, the arguments of counsel, and the applicable law. The facts and legal arguments are adequately presented. Upon consideration of the standard of review, and the foregoing, the Court finds that this case satisfies the limited circumstances requirement of Rule 21(d) of the Rules of Appellate Procedure. For these reasons, a memorandum decision is appropriate under Rule 21 of the Revised Rules of Appellate Procedure.

Mr. Walker pled guilty to felony breaking and entering in the Circuit Court of Kanawha County on November 17, 2008. Immediately thereafter, on the advice of counsel, he pled guilty to a recidivist information based on his prior convictions of various counts of daytime burglary, breaking and entering, and grand larceny (in 1995), and of breaking and entering (in 1996). Mr. Walker did not appeal his conviction, but he did file a petition for a writ of habeas corpus as a self-represented litigant in the Circuit Court of Kanawha County, arguing that his counsel was ineffective. The circuit court denied his petition. We affirmed that denial in *Walker v. Hoke*, No. 11-0122, 2012 WL 4054103 (W. Va. Sept. 4, 2012) (memorandum decision).

Mr. Walker filed a second petition for a writ of habeas corpus, which was amended by court-appointed counsel, in 2013. In this petition, Mr. Walker challenged his recidivist conviction on the ground that his first conviction was not final at the time the second conviction was obtained. The circuit court denied Mr. Walker's petition for a writ of habeas corpus on July 11, 2018, after granting the State's unopposed motion to cancel his omnibus hearing and determining that Mr. Walker's petition presented a legal question and, therefore, no factual development was required.

1

The circuit court's denial of petitioner's amended petition for a writ of habeas corpus is now before us on appeal.

Mr. Walker asserts four assignments of error[1], but we concentrate our attention on Mr. Walker's second assignment of error, wherein he argues that the circuit court abused its discretion in canceling the omnibus hearing and denying his petition for relief after his counsel effectively stopped representing him.[2]

Our review of the appendix record on appeal validates Mr. Walker's assertion that his prior appointed counsel made no contact with the circuit court after amending Mr. Walker's second petition for a writ of habeas corpus, and that Mr. Walker, though ostensibly represented by counsel, lodged an unaided objection to the State's request to cancel the omnibus hearing. It also appears that prior counsel failed to communicate with his client after filing the amended petition.

Though "[t]he burden of persuasion placed on the petitioner is indeed a heavy one[,]" *State ex rel. Daniel v. Legursky*, 195 W. Va. 314, 319, 465 S.E.2d 416, 421 (1995), we recognize that "[t]he fulcrum for any ineffective assistance of counsel claim is the adequacy of counsel's investigation" (syllabus point 3, *id.*). Here, where evidence of prior counsel's involvement comes to an abrupt halt at the earliest stage of the proceedings, we are unable to ascertain that Mr. Walker has benefitted from an adequate investigation by counsel.

For the foregoing reasons, we remand Mr. Walker's amended petition for a writ of habeas corpus to the circuit court, with directions that Mr. Walker be permitted to amend his petition upon the advice of counsel to conform to evidence adduced through meaningful investigation. We further direct that Mr. Walker be permitted to request relief as counsel deems warranted upon his review of the circuit court record and after consultation with Mr. Walker.

Reversed and Remanded.

**ISSUED:** September 4, 2020

**CONCURRED IN BY:**

Chief Justice Tim Armstead
Justice Margaret L. Workman
Justice Elizabeth D. Walker
Justice Evan H. Jenkins
Justice John A. Hutchison

---

[1] "We review the final order and the ultimate disposition under an abuse of discretion standard; the underlying factual findings under a clearly erroneous standard; and questions of law are subject to a *de novo* review." Syl. Pt. 1, in part, *Mathena v. Haines*, 219 W. Va. 417, 633 S.E.2d 771 (2006).

[2] Mr. Walker's present counsel was appointed to represent Mr. Walker for purposes of this appeal and is not the attorney who represented Mr. Walker before the circuit court.